"commencing on July 9, 1998"; (3) providing in the 13th and 14th decretal paragraphs that defendant's obligation to pay maintenance and child support is retroactive to April 10, 1996; and (4) deleting from the 15th decretal paragraph the Lutheran policy. (Appeal from Amended Judgment of Supreme Court, Niagara County, Joslin, J.—Matrimonial.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ AMHERST MAGNETIC IMAGING ASSOCIATES, P. C., Appellant-Respondent, v COMMUNITY BLUE, THE HMO OF BLUE CROSS OF WESTERN NEW YORK, INC., et al., Respondents-Appellants. (Appeal No. 1.) [713 NYS2d 136] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Sedita, Jr., J. (Appeals from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ AMHERST MAGNETIC IMAGING ASSOCIATES, P. C., Appellant, v COMMUNITY BLUE, THE HMO OF BLUE CROSS OF WESTERN NEW YORK, INC., et al., Respondents. (Appeal No. 2.) [713 NYS2d 136] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Sedita, Jr., J. (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN JAMES ROBINSON, Appellant. [708 NYS2d 682] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a bench trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We reject the contention of defendant that he was denied effective assistance of counsel and conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147).

The verdict is not against the weight of the evidence. In a bench trial, as in a jury trial, the credibility determinations made by the trier of fact are entitled to great deference (*see, People v Van Akin,* 197 AD2d 845). We cannot say, upon our review of the record, that County Court failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). The sentence is neither unduly harsh nor severe. We have examined defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment